**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF ARIZONA**
**YUMA DIVISION**

IN RE:  **Donald Raymond Varner**                                          CASE NO
       **Cynthia Susan Varner**
            *Debtor(s)*                                          CHAPTER   **13**

# CHAPTER 13 PLAN

---

The above-named Debtor (whether one or more) proposes under Chapter 13 of the Bankruptcy Code the following Plan:

The debts of the Debtor duly proved and allowed shall be paid to the holders thereof in accordance with the provisions of the Bankruptcy Code and this Plan.

Debtor hereby submits such portion of future earnings or other future income to the supervision and control of the Trustee as is necessary for the execution of the Plan.

The Debtor agrees to pay into the Plan for payment of creditors as set forth in the attached Plan Summary which is hereunto incorporated and made part of this Plan.

Payment of any claim against the Debtor may be made from property of the estate or property of the Debtor.

From the payments so received, the Trustee shall make disbursements in the following order if not otherwise indicated by the attached Plan Summary:

A.  **Administrative Expenses:**  The Trustee shall first pay the expenses as prescribed by the Court for administering the Plan.  The balance, if any, of attorney fees owed to the Debtor's attorney shall be paid concurrently with priority and allowed secured claims, in full, by consecutive monthly installments beginning at the date a Plan is confirmed, and in advance of unsecured creditors.  Debtor's attorney reserves the right to make demand at any time for full payment of any balance of attorney fees, and the Trustee shall pay the same ahead of other claims.

B.  **Shelter:**  In the event the Debtor is in arrears in any payments to a creditor holding a mortgage on the Debtor's home (or is in arrears in any rental to a landlord for the Debtor's place of residence), such delinquent payments shall be made by the Trustee before any distribution is made to General Unsecured creditors.

C.  **Priority Claims:**  All claims entitled to priority under Section 507 of the Bankruptcy Code will be paid in full in deferred installments unless the holder of such claim agrees to a different treatment of such claim, such payments to be as hereafter specifically scheduled for payment and if not so scheduled, then along with secured claims.

Priority claims for taxes which are deemed unsecured shall not accrue interest or penalty subsequent to the date of filing and such interest or penalty as might otherwise accrue thereafter shall be discharged upon conclusion of this proceeding.

D-1.  **Secured Claims:**  Secured creditors whose claims are timely filed, duly proved, and allowed, will be paid at least the value of their security.  The allowed secured claims shall be paid in such amount as the creditor's contact with the Debtor provides, unless such payments under the plan are insufficient, in which case the secured claims shall be paid as hereafter specifically scheduled for payment, and if not scheduled for specific payment, then on a pro rata basis.

D-2.  **Lien Release:**  The value, as of the effective date of this Plan, of property to be distributed under the Plan on account of secured claims, is not less than the allowed amount of such claims.  The holders of such claims shall retain their liens on the collateral which is security for such claims; except, however, upon a secured creditor receiving from the Chapter 13 Trustee all payments specified in paragraph D herein (regardless of any unpaid unsecured portion), that creditor's lien(s) is satisfied in full, and that creditor shall release its lien(s) or security interest as to anything securing payment thereof, and shall deliver title or appropriate release to the Debtor, except to the extent the Internal Revenue Code, including 26 U.S.C § 6325(a) or the Bankruptcy Code, including 11 U.S.C. §  522(c)(2)(B) operate to provide otherwise, or upon the Debtor receiving a Chapter 13 discharge.

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF ARIZONA**
**YUMA DIVISION**

IN RE:  **Donald Raymond Varner**                                                CASE NO
      **Cynthia Susan Varner**
              *Debtor(s)*                                                CHAPTER     **13**

## CHAPTER 13 PLAN
*Continuation Sheet # 1*

---

The status of claims shall be determined in accordance with Section 605 of the Bankruptcy Code and Bankruptcy Rules 3001 and 3002.  Claims thought to be secured but which are found by the Court to unsecured will be treated as unsecured.

**E.**   **Unsecured Claims:**   Unsecured claims shall be divided into two classes, and each claim within a particular class shall receive the same treatment:

   **(1)**  **Special Class**
       Unsecured claims classified as "Special" shall be paid 100% of their allowed claims under the plan.  These normally include, but are not limited to the following:  (a) Claims arising out of consumer debts for which any individual is liable with the Debtor by way of co-signature, guarantee, endorsement or otherwise. (b) Claims based on NSF checks, or any claims which might incur criminal sanction.  Such claims may only be paid through the plan upon agreement by the affected creditor.  (c)  Any other claim that is non-dischargeable in bankruptcy but NOT entitled to priority under Section 507 of the Bankruptcy Code.Such claims can be paid with or without interest as appropriate and shall be paid along with priority and secured claims or as otherwise described in the attached Plan Summary.

   **(2)**  **General Class**
       Unsecured claims classified as "General" shall include all creditors holding unsecured nonpriority claims not otherwise designated as being in a "special" class.  Payment, if any, is normally on a pro rata basis unless otherwise indicated in the Plan Summary.  All allowed claims of this class shall be paid in an amount under the plan which is not less than the amount that would be paid on such claims if the estate of the Debtor were liquidated under Chapter 7 of the Bankruptcy Code on the date of filing of the petition herein. In calculating the payments to creditors, there shall not be included payments made by the Trustee on any arrearage for rent or house payments, payments made by the Trustee to the Debtor, any payment made by the Trustee on claims not listed on Schedule D, E or F in these proceedings by the Debtor, nor payments made by the Trustee on post-petition debts. Any General Unsecured claim to be paid in the amount of $50.00 or less may be paid, to such extent, in full, in equal installments, or as the Trustee elects, rather than on a pro-rata basis.

       General Unsecured claims may be paid concurrently with priority and secured claims so long as each secured creditor is adequately protected as prescribed by 11 U.S.C. Section 362.  Any delinquencies on secured claims, priority claims and Special Class unsecured claims must be brought current before any payments are made on General Unsecured claims.

**F.**   **Other:**  No interest, penalty, or additional charge shall be allowed on any account subsequent to the filing of the petition herein, except that interest shall be allowed on priority, secured and special class unsecured claims if so specified by this Plan and the attached Plan Summary.

   All claims by a creditor must be filed within ninety days after the date set for the First Meeting of Creditors and in accordance with Bankruptcy Rule 3002.  Debtor reserves the right to file claims on behalf of any creditor at any time during the term of the plan.

06/30/2009 05:10:58pm

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF ARIZONA**
**YUMA DIVISION**

IN RE:  **Donald Raymond Varner**                    CASE NO
        **Cynthia Susan Varner**
                *Debtor(s)*                          CHAPTER    **13**

## CHAPTER 13 PLAN
*Continuation Sheet # 2*

Any specifically scheduled amounts to be paid to creditors are set forth in the "Plan Summary" attached hereto as "Exhibit A" and made a part hereof. The terms "Plan Summary" and "Exhibit A" are used interchangeably herein and refer to the same document.

The Court may from time to time during the period of the plan of repayment, increase or reduce the amount of any of the installments provided by the Plan, or extend or shorten the time for payment where it shall be made to appear, after hearing upon such notice as the Court may designate, that the circumstances of the Debtor so warrant or require; provided, however, that nothing in the plan shall be construed to prevent the granting of a discharge of the Debtor as provided in Section 1328 of the Bankruptcy Code.

The 60 months allowed for repayment of debts shall be determined to be met when the Trustee receives a sum of money equal to the amounts he should have received in 60 months as provided by the Plan, or as the Plan may be amended from time to time.

All property of the estate shall remain as property of the estate subject to the automatic stay of 11 U.S.C. Section 362 until an order of Discharge or Dismissal is entered.

As allowed by Section 1322(b)(7) of the Bankruptcy Code, the Debtor Assumes and/or Rejects the following executory contracts, if any:

1. Reject the executory contracts or unexpired leases with the following creditors:
   **None**

2. Assume (or Assign as noted) the following executory contracts with the following creditors:

   **Ronald & Carolyn Grate**

The plan payment is scheduled at _____**$699.00**_____ which consists of all disposable income of the Debtor. The plan, as proposed, will last for a period of approximately__**60**___months. Priority creditors shall be fully paid. Secured creditors shall be paid the allowed amount of their collateral. Special class unsecured creditors shall be fully paid. Duly filed and allowed General unsecured claims will receive a pro-rata distribution after payment of the foregoing (unless otherwise indicated in the Plan Summary), which may not pay them in full. Any unpaid balances remaining after the payment provided for herein shall be fully discharged. Based on the information as filed to date, it is estimated that the General Unsecured creditors will be paid approximately ___**49%**____ of their allowed claims.

Debtor hereby moves and requests the Debtor be appointed as disbursing agent for the payment of the following debts in the following amounts, or as such amounts may be changed from time to time:

   **None**

   _____

Such payments shall be made by Debtor in addition to the payments to the Trustee as hereinabove set forth.

| Name of Creditor | Amount Claimed | Value of Collateral | Interest Rate | Monthly Payment | Term | Total Paid |
|---|---|---|---|---|---|---|
| **Secured Claims:** | *(Underlined amount indicates amount to be paid under plan)* | | | | | |
| Deer Valley Credit Uni | $10,672.00 | $10,000.00 | 6.5% | Pro-Rata | 1-39 | $11,118.44 |
| Deer Valley Credit Uni | $10,630.00 | $11,500.00 | 6.5% | Pro-Rata | 1-39 | $11,818.92 |

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF ARIZONA**
**YUMA DIVISION**

IN RE: **Donald Raymond Varner**                                      CASE NO

**Cynthia Susan Varner**
*Debtor(s)*                                      CHAPTER     **13**

## CHAPTER 13 PLAN
*Continuation Sheet # 3*

---

The information above can also be found on the Chapter 13 Plan Summary (Exhibit "A")


DATED:_06/30/2009_____                    _/s/ Donald Raymond Varner_____
                                                              **Donald Raymond Varner**


                                                              _/s/ Cynthia Susan Varner_____
                                                              **Cynthia Susan Varner**